CATHERINE B. FIELDING
v.
ENCOMPASS INSURANCE COMPANY OF AMERICA
No. 2008 CA 0926.
Court of Appeal of Louisiana, First Circuit.
October 31, 2008.
NOT DESIGNATED FOR PUBLICATION
RAINER LORENZ, Attorneys for Plaintiff/Appellant, Catherine B. Fielding.
DARRIN M. O'CONNOR, Attorney for Defendant/Appellee, Encompass Insurance Company.
Before: CARTER, C.J., PETTIGREW and WELCH, JJ.
CARTER, C.J.
This is an appeal of a trial court judgment granting summary judgment in favor of an insurance company on the issue of liability related to an automobile accident.

FACTS
This suit arises from an automobile accident that occurred at approximately 1:30 p.m. on April 25, 2005, when a car driven by John Fielding, Sr., struck the rear of a truck operated by Victor Hardison. According to a following motorist who witnessed the accident, the Fielding vehicle began moving erratically and there appeared to be something happening between Mr. Fielding and his passenger, with Mr. Fielding disappearing from view for a short time. Mr. Fielding was pronounced dead approximately one hour after the accident. The cause of his death was determined to be a massive heart attack.
This appeal was taken by Catherine Fielding, Mr. Fielding's widow, who was a passenger in the Fielding car at the time of the accident. She appeals the judgment of the trial court granting summary judgment on the issue of liability in favor of the Fieldings' insurer, Encompass Insurance Company (Encompass). The trial court determined that Mr. Fielding was unconscious at the time of the accident and, therefore, cannot be held liable. The trial court further found that even if Mr. Fielding was not absolved of liability due to unconsciousness, the accident was unavoidable or inevitable, which would relieve Mr. Fielding from any liability.
Mr. Hardison, the driver of the pickup truck involved in the accident, filed a separate suit for damages. In that case, the trial court similarly granted summary judgment in favor of Encompass, finding that Mr. Fielding could not be held liable for the accident. An appeal of that judgment is addressed in Hardison v. Encompass Ins., 08-0271 (La. App. 1 Cir._/_/08) (unpublished).

DISCUSSION
We stress that this suit and the Hardison case were not consolidated at the trial court level and were actually heard before different divisions of the trial court. Therefore, the evidence presented in each suit is unique to the respective suit. However, both suits present motions for summary judgment granted in favor of Encompass. The legal standard is, therefore, the same in each suit. Moreover, in the case sub judice, as in Hardison, Encompass relied on the deposition testimony of St. Tammany Parish coroner, Dr. Peter Galvan, the deposition testimony of Sarah Dunn, as well as Dr. Galvan's report. The legal standard and summary of this evidence is set forth in Hardison and will not be repeated herein.
Additionally, this record contains evidence not applicable to the motion for summary judgment in Hardison. The record in this case contains Ms. Fielding's deposition and emergency room records, emergency room records for Mr. Fielding, an affidavit given by Ms. Fielding's adult daughter, who was present at the emergency room, as well as an affidavit given by a volunteer fireman who responded to the accident.
Ms. Fielding testified that she has no memory of the events surrounding the accident. She, therefore, was unable to relate any facts regarding the accident and has no memory of whether her husband was conscious or unconscious when the accident occurred. This is also reflected in Ms. Fielding's medical records, as well as her adult daughter's affidavit, which show that Ms. Fielding was unaware of what was happening when she arrived at the emergency room following the accident. With regard to Mr. Fielding's medical history, Ms. Fielding testified that he did suffer from diabetes but had no known heart condition.
Phillip Green, a volunteer fireman, was at a nearby business and heard, but did not see, the accident. According to his affidavit, Mr. Green ran to aid the parties and arrived at the driver's side window of the Fielding vehicle within sixty seconds of the accident. Mr. Green attested that Mr. Fielding was sitting upright, but leaning slightly to the right, and was breathing. Mr. Green stated that Mr. Fielding stopped breathing approximately sixty seconds after he arrived at the scene.
Considering the evidence in the record, and for reasons more fully set forth in Hardison, we find that genuine issues of material fact exist as to whether Hardison was unconscious prior to the accident, as well as to whether the accident was unavoidable. Despite the additional evidence presented in this case, the issues of material fact present in Hardison remain, precluding summary judgment.

CONCLUSION
For the foregoing reasons, we reverse the summary judgment granted in favor of Encompass Insurance Company and remand this matter for further proceedings. Costs of this appeal are assessed to Encompass Insurance Company.
REVERSED AND REMANDED.